{¶ 30} I respectively dissent from the conclusion reached by my colleagues. In my opinion the Second District's decision inBrown, 2d Dist. No. 17424, is not distinguishable from this case.
 {¶ 31} The reason for the eviction in this instance was appellant's action of placing bags of trash on the bushes instead of taking them to the dumpster. I agree with the majority that appellant's action was a violation of the terms of the written lease agreement and also a violation of appellant's duties under R.C. 5321.05(A), which states the tenant is to keep the premises safe and sanitary, and to dispose of rubbish in a clean, safe and sanitary manner. Therefore, as the majority states, when a tenant's action violates both the written lease and a provision of R.C. 5321.05, the requirements of R.C. 5321.11 apply.Sandefur Management Co., 21 Ohio App.3d at 162. R.C. 5321.11
requires a landlord to provide a tenant with a 30-day notice and "if the tenant fails to remedy the condition specified in the notice, the rental agreement shall terminate as provided in the notice."
 {¶ 32} The majority then cites to Brown, 2d Dist. No. 17424, which held that the trial court did not commit error in holding that even though during the 30-day notice period there was no incident, the tenant failed to correct or cure the alleged violation. While my colleagues recognized the similarities between the case sub judice and Brown, they find it to be distinguishable. It is at this point that I disagree with my colleagues.
 {¶ 33} In my opinion, Brown is not so distinguishable from the case at hand that its holding does not apply. In Brown, the tenant was continually told of the problems her children were causing. Likewise, in the case at hand, appellant was informed, by her own admission three to five times, of the problems appellee was having with appellant's placement of the bags of trash on the hedges instead of in the dumpsters. The Brown
court reasoned that since Brown had known about the ongoing problems with her children and had only remedied specific situations, it was reasonable to determine that 30 days without incident did not show that Brown cured the breach. It then stated that as long as Brown's children lived with her there would be a potential for reoccurrence. The same reasoning could apply to the matter at hand Appellant was repeatedly violating the lease and the statute. She was informed of the violation but only remedied it after an eviction notice was sent. At the point that appellee informed appellant of the problem and then had to inform her about it 2 to 4 more times, indicates that this was an ongoing problem. While appellant may have been incident free for the 30-day notice period, her past conduct indicates that it was a continual problem. Therefore, as in Brown, the 30 days without incident did not show that the breach had been cured. Thus, I would hold that Brown is not distinguishable and its reasoning equally applies to the case at hand However, that being said, I do acknowledge that the complaints made in Brown are more serious than the complaints made in this case, and the control of children is different from controlling ones own trash. Despite those differences, I do not believe that those factors alone distinguish this case from Brown.
 {¶ 34} Furthermore, holding that a landlord cannot evict a tenant when there is a continual statutory and lease violation if there is no such violation during the 30-day notice period, unjustly burdens the landlord — especially in this situation. The terms of the lease state that appellee cannot "terminate or refuse to renew the Lease other than for a serious violation or repeated violations of the terms and conditions of the lease." If the repeated violation is one that requires the application of R.C. 5321.11, then the tenant would have the 30-day notice period to remedy the violation and could not be evicted if it was cured. That result is unfair when a situation like the one before us is presented where appellant admits that the landlord discussed the violation with her a couple times and the violation still continues to happen. Even though there may be no incident during the 30-day notice period, the history of the incidents must be taken into consideration when considering whether the violation was truly remedied.
 {¶ 35} For the reasons stated above, I would affirm the trial court's judgment.